IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WELLS FARGO TRUST COMPANY, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH SIOUX CITY<br><br>Defendant. | 8:20CV359<br><br>MEMORANDUM AND ORDER |

Before the Court is Defendant's Motion to Dismiss, Filing No. 29. Plaintiff Wells Fargo Trust Company, N.A. ("Wells Fargo"), brought this action against Defendant City of South Sioux City, Nebraska (the "City" or "SSC"), for breach of contract. Wells Fargo alleges that South Sioux City owes (or will owe) Wells Fargo tens of millions of dollars in monthly payments (past and future) in connection with a waste-to-energy facility formerly operated by Big Ox Energy, Inc. and its affiliates. The Court remanded a related case, Case No. 8:21CV21, to the District County Court of Dakota County, Nebraska, based on a lack of diversity. The Court concludes that the present Motion will be dismissed.

**Background**

The Court's Memorandum and Order in Case No. 21CV21, dated September 16, 2021, contains a detailed recitation of the nature of the dispute between the parties. By way of summary, in March 2014, SSC entered a contract named "Amended and Restated Tipping Agreement" (Agreement) with several parties, including Wells Fargo. Under the Agreement, Big Ox Energy-Siouxland, LLC and Big ox Energy, Inc. were responsible for the operation of a wastewater plant, including bookkeeping and environmental compliance. Wells Fargo was to serve as the "Lender Agent" for the various entities that

1

operated as lenders under the Agreement. The Court remanded Case No. 8:21CV21, to the District Court of Dakota County, Nebraska because one of the lender defendants, Assurity Life Insurance Company ("Assurity"), was not diverse. Although the reasons for joining Assurity were unclear, the Court was obligated to resolve all doubts in favor of remand.

In this case, Wells Fargo alleges that SSC breached the Agreement by failing to pay a "Minimum Guaranteed Amount" without regard for whether or not the wastewater treatment facility was in operation. Wells Fargo brought this action against SSC to collect past-due payments and for a declaration that SSC must make future payments that will come due. SSC filed its Motion to Dismiss this case arguing that it is barred by res judicata and at least two abstention doctrines.

**Standard of Review**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Corrado v. Life Inv'rs Ins. Co. of Am., 804 F.3d 915, 917 (8th Cir. 2015) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Barton v. Taber, 820 F.3d 958, 964 (8th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting Iqbal, 556 U.S. at 678), cert. denied, 135 S. Ct. 2941 (2015). The complaint's

factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal,* 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly,* 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

**Analysis**

**I. Abstention**

Generally, federal district courts have a "virtually unflagging obligation" to exercise jurisdiction over proper cases. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). However, courts may abstain from deciding certain issues to preserve "traditional principles of equity, comity, and federalism." *Alleghany v. McCartney,* 896 F.2d 1138, 1142 (8th Cir.1990). "The doctrine

3

of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* at 813. "[A] federal court may not decline to exercise its jurisdiction 'as a matter of whim or personal disinclination.'" *Kingland Sys. Corp. v. Colonial Direct Fin. Grp., Inc.*, 188 F. Supp. 2d 1102, 1107 (N.D. Iowa 2002) (quoting *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops., Inc.*, 48 F.3d 294, 297 (8th Cir. 1995)). Instead, "[o]nly the clearest of justifications will warrant dismissal." *Samuels Grp., Inc. v. Hatch Grading & Contr. Inc.*, 697 F.Supp.2d 1042, 1047 (N.D. Iowa 2010) (quoting *Colorado River*, 424 U.S. at 819)).

Federal court abstention is divided into several limited doctrines aimed at preserving these principles. *See generally Railroad Comm'n v. Pullman Co., 312 U.S. 496 (1941)* (abstention appropriate where a challenged state statute is susceptible of a construction by the state court that would modify or avoid a federal constitutional question ("*Pullman* abstention")); *Colorado River Water Conservation*, 424 U.S. at 817–820 (1976) (abstention appropriate to avoid duplicative litigation (*Colorado River* abstention)); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) (abstention appropriate to avoid needless conflict in administration of state affairs (*Burford* abstention)); *Younger v. Harris*, 401 U.S. 37 (1971) (abstention appropriate to avoid intrusion on state enforcement of state laws in state courts (*Younger* abstention)); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 30 (1959) (abstention appropriate to avoid addressing difficult questions of state law substantially important policy problems) (*Thibodaux* abstention). SSC argues that abstention is appropriate under the *Colorado River* and *Thibodaux* abstention doctrines.

*1. Colorado River Abstention*

When determining whether to should abstain under *Colorado River*, courts apply a two-prong test. See *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009). First, the party seeking abstention must show there are parallel state and federal proceedings. *Fru-Con Constr. Corp.*, 574 F.3d at 535. Second, the court considers whether exceptional circumstances warrant abstention. *Id.* "When any doubt exists as to the parallel nature of concurrent state and federal proceedings, the district court cannot utilize *Colorado River* to refuse its jurisdiction." *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013). Further, "exceptional circumstances" must be such that "repair to the State court would clearly serve an important countervailing interest." *Federated Rural Elec. Ins. Corp.*, 48 F.3d at 297 (citation and internal quotation omitted). To determine whether exceptional circumstances warrant abstention, courts must consider the inconvenience of the forum, the order in which jurisdiction was obtained by the fora, and the desirability of avoiding piecemeal litigation. *Id.*

In this case, exceptional circumstances do not warrant abstention. Although there may be a potential for conflict between this action and the recently removed related case, "'the potential for conflict' between a federal action and a parallel state action, standing alone, does not 'justify staying of the federal action. . . .'" *Kingland Sys. Corp.*, 188 F. Supp. 2d at 1107 (quoting *Federated Rural Elec. Ins. Corp.*, 48 F.3d at 297)). Although the Court in Case No. 8:21CV21 was required to resolve all doubts in favor of remand, it is not naive to SSC's attempt to avoid a federal forum. SSC filed this motion to dismiss on the same day it filed its complaint in Case No. 8:21CV21, over three months after Wells Fargo brought this action. Even if a potential for conflict exists, SSC created such

5

a conflict by filing its state court action. The Court is capable of adjudicating Wells Fargo's claims and any claims or defenses SSC may raise in this case. Wells Fargo should not be deprived of its chosen forum based solely on SSC's litigation tactics. Having weighed the factors, the circumstances of this case do not present "exceptional circumstances" to dismiss this case under *Colorado River* abstention.

### 2. *Thibodaux* Abstention

"*Thibodaux* abstention is appropriate only if both the relevant question of state law is unclear and that question has a broad impact on state policy—neither condition is alone sufficient." *U.S. Specialty Ins. Co. v. A-Val Architectural Metal Corp.*, No. 15-cv-760, 2015 U.S. Dist. LEXIS 83890, *9 (S.D.N.Y. June 29, 2015) (internal quotations omitted). Not all issues of state law involve proceedings of a "special and peculiar nature," or a "sovereign prerogative." *See Tri Cnty. Tel. Ass'n v. Campbell*, No. 17-cv-89, 2018 U.S. Dist. LEXIS 234028, *5-7 (D.Wyo. Apr. 5, 2018). Moreover, it is not enough that the issue is unsettled by the relevant state's courts. *Cotera v. BAC Home Loan Serv., LP*, No. 3:11-cv-1023, 2011 U.S. Dist. LEXIS 140849, *7-9 (D. Or. Nov. 3, 2011) (granting similar abstention request "would negate the history of the enlargement of the jurisdiction of the federal district courts, if we held the federal court should stay its hand and not decide the question before the state courts decided it.").

SSC argues that the question of whether Wells Fargo may advance its suit is doubtful in light of Nebraska's municipal claim procedures. *See* Neb. Rev. Stat. §§ 16-726, 727. Further, SSC argues that assuming such a claim may be advanced at all, Wells Fargo's claim must survive constitutional scrutiny of Neb. Const. Art. XIII-3 ("The credit of the state shall never be given or loaned in aid of any individual, association, or

corporation[.]"). SSC argues that this provision has never been interpreted in this context. However, the Nebraska Supreme Court has adjudicated cases under Art. XIII-3 for at least the previous 100 years. See *Oxnard Beet Sugar Co. v. State*, 105 N.W. 716, 717 (Neb. 1905) (applying previous version of constitutional provision to determine validity of state statute). Even if this is a question of first impression, SSC has not shown that the Court is unable to interpret the provision without impacting important Nebraska policies. SSC has failed to show that abstention is appropriate.

## II. Res Judicata

In federal diversity actions, res judicata determinations must be made according to state law. *Butler v. Fannie Mae*, 557 F. App'x 593, 595 (8th Cir. 2014). Under Nebraska law, a prior judgment is entitled to preclusive effect if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Hill v. AMMC, Inc.*, 915 N.W.2d 29, 34 (Neb. 2018). An appeal from an administrative agency or municipal board may constitute a final judgment entitled to res judicata only if it is not appealed from or affirmed on appeal. *L.J. Vontz Constr. Co. v. Alliance*, 500 N.W.2d 173, 179 (1993).

SSC argues that Wells Fargo is precluded from bringing this action because it failed to appeal the City's denial of Wells Fargo's Notice of Claim to state district court and filed this action instead. SSC argues that because Wells Fargo filed this action instead of an action in state court under Neb. Rev. Stat. § 16-727, SSC's denial of Wells Fargo's Notice of Claim is binding and this action is barred. In sum, SSC argues that to

7

comply with § 16-727, Wells Fargo was required to bring this action in state court, not in federal court.

Even accepting SSC's reading of § 16-727, a state statute cannot require a state forum to adjudicate disputes like this one. "A federal court's authority to exercise jurisdiction is defined by the sources of the court's power, the Constitution and federal statutory grants of jurisdiction, not the acts of state legislatures." *Wong v. Minn Dep't of Human Servs.*, 820 F.3d 922, 931 (8th Cir. 2016); s*ee also, e.g., Penn Gen. Cas. Co. v. Penn.,* 294 U.S. 189, 197 (1935) (stating "[i]ts authority as a federal court to entertain the suit is not restricted by the procedure established by local statutes. . . .The jurisdiction conferred on the district courts by the Constitution and laws of the United States cannot be affected by state legislation."); *Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1315 (9th Cir. 1982) (same); *United States ex rel. Galmines v. Novartis Pharms. Corp.*, No. 06-cv-3213, 2013 U.S. Dist. LEXIS 158090, *18-19 (E.D. Pa. Nov. 4, 2013) (same); *Accurate Controls, Inc. v. Cerro Gordo Cty. Bd. of Supervisors*, 627 F. Supp. 2d 976, 987 (N.D. Iowa 2009); *Roberts & Schaefer Co. v. Hardaway Co.*, 945 F. Supp. 247, 251 (M.D. Fla. 1996) (same); *Wojciechowski v. Harriman*, 607 F. Supp. 631, 634 (D.N.M. 1985) (same). In cases where "the state waives sovereign immunity for counties andmunicipalities in state courts, those counties and municipalitiesmay be sued in federal court if the court has diversity jurisdiction." *Wojciechowski*, 607 F. Supp. at 634.

The Court has diversity jurisdiction over the parties in this case and Wells Fargo cannot be required to bring its claim solely in state court. The parties do not dispute that Wells Fargo filed this action within the time required to appeal SSC's denial of Wells

8

Fargo's Notice of Claim. Accordingly, the denial was not final and did not have preclusive effect. Accordingly, res judicata does not bar this action.

**Conclusion**

For the reasons stated, SSC has failed to show that res judicata bars this action, nor has it shown that abstention prevents the Court from exercising jurisdiction over this case. Accordingly,

IT IS ORDERED:

1. Defendant South Sioux City's Motion to Dismiss, Filing No. 29, is denied;

2. The parties' Joint Motion to Clarify, Filing No. 51, is denied as moot; and

3. Defendant must answer or otherwise plead on or before October 11, 2021.

Dated this 20th day of September 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge