IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WELLS FARGO TRUST COMPANY, NATIONAL ASSOCIATION, as Collateral Trustee;<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH SIOUX CITY, a Nebraska Municipality;<br><br>Defendant. | 8:20CV359<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) of Defendant South Sioux City (the "City" or "SSC"). Filing No. 53. Also before the Court is the Motion to Strike SSC's Motion to Dismiss, Filing No. 56, filed by Plaintiffs Wells Fargo Trust Company, N.A. ("Wells Fargo"). The Court denied the City's previous Motion to Dismiss Motion to Dismiss, Filing No. 52, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7), Filing No. 29, and ordered the City to answer or otherwise plead, Filing No. 52 at 9. For the reasons discussed, the Motion to Dismiss, Filing No. 53, will be denied and the Motion to Strike, Filing No. 56, will be denied as moot.

**Background**

The Court's Memorandum and Order in Case No. 21CV21, dated September 16, 2021, and the Courts prior Memorandum and Order in this case (Filing No. 52) contain a detailed recitation of the nature of the dispute between the involved parties. The Court incorporates its prior orders and provides the following by way of summary relevant to the pending motions.

1

This matter arises out of SSC's intent to build a wastewater treatment facility to treat the public's wastewater. After bids and negotiations, SSC chose Big Ox Energy, Inc. ("Big Ox") to operate the facility. SSC entered a contract titled "Amended and Restated Tipping Agreement" (the "Agreement") with several parties, including Wells Fargo. Under the Agreement, Big Ox was responsible for the operation of a wastewater plant, including bookkeeping and environmental compliance. Wells Fargo was to serve as the "Lender Agent" and collateral trustee for the various entities that operated as lenders under the Agreement. Big Ox eventually failed to maintain operation and no longer operates the facility.

In this case, Wells Fargo alleges that SSC breached the Agreement by failing to pay the lenders a "Minimum Guaranteed Amount" without regard for whether or not the wastewater treatment facility was in operation. Wells Fargo brought this action against SSC to collect past-due payments and for a declaration that SSC must make future payments that will come due. SSC agreed to make monthly payments to Big Ox for the facility's construction.

The City's prior Motion to Dismiss, Filing No. 29, alleged (1) Wells Fargo's claims were barred by the doctrine of res judicata due to Wells Fargo's failure to appeal the City Council's denial of Wells Fargo's Notice of Claim; (2) Colorado River and/or Thibodaux abstention doctrines dictated that pending state court litigation the most appropriate forum, and (3) Wells Fargo failed to join necessary parties—each individual lender—and the inclusion of each lender would destroy diversity jurisdiction. The Court specifically concluded that neither res judicata nor any of the asserted abstention doctrines prevented the Court from exercising jurisdiction over this case. Filing No. 52 at 9. The Court also

concluded that it had "diversity jurisdiction over the parties in this case." Filing No. 52 at 8.

The City's pending Motion to Dismiss, Filing No. 53, again argues Wells Fargo's complaint should be dismissed because Wells Fargo failed to join the individual lenders and doing so would destroy diversity. The City also raises grounds not directly raised in its previous Motion to Dismiss. The City first argues the contractual payment obligation Wells Fargo relies on is unenforceable because Big Ox breached the Agreement and abandoned its obligations. Filing No. 54 at 2. Second, the City argues that even if the Agreement were enforceable, under Wells Fargo's theory of breach, the Agreement would violate a provision in the Nebraska Constitution that prohibits the City from guaranteeing the debts of a private entity.

**Standard of Review**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Corrado v. Life Inv'rs Ins. Co. of Am., 804 F.3d 915, 917 (8th Cir. 2015) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Barton v. Taber, 820 F.3d 958, 964 (8th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting Iqbal, 556 U.S. at 678), cert. denied, 135 S. Ct. 2941 (2015). The complaint's

factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), cert. denied, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

**Analysis**

**I.     Successive Motion to Dismiss**

Federal Rule of Civil Procedure 12(g) requires that all Rule 12(b) defenses be consolidated in a single motion. Under Rule 12(g)(2), "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Successive motions to dismiss asserting

defenses under Rule 12(b)(2)-(5) are waived if available to the moving party but not raised in a party's first motion to dismiss. *See* Rule 12(g)(2), (h)(1). Successive motions to dismiss raising other defenses or objections—including failure to state a claim upon which relief can be granted and failure to join a person required by Rule 19(b)—are not waived even if they were available to the moving party but not raised in the first motion to dismiss. *See* Rule 12(h)(2). However, the party must raise these defenses "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2).

In other words, a defendant may not raise failure to state a claim after filing an initial 12(b) motion to dismiss "unless that defense is made in the defendant's answer to the complaint, in a motion for judgment on the pleadings, or at trial." *Daneshvar v. Graphic Tech., Inc.*, No. 04-2212-JWL, 2005 WL 902113, at *1 (D. Kan. Apr. 19, 2005). The restrictions upon successive 12(b) motions were imposed to "eliminate unnecessary delay at the pleading stage." Rule 12(g) permits one pre-answer motion that includes all Rule 12 defenses then available to the movant and, in general, prohibits a successive motion to dismiss based on any Rule 12 grounds that the movant neglected to raise in its original motion. *See id.*; 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1384 at 487 (3rd ed.2004).

SSC admits that its pending Motion to Dismiss is a successive motion and that the grounds for the pending Motion to Dismiss were available when SSC filed its first motion to dismiss. SSC expressly described the grounds for its pending Motion to Dismiss as a footnote in its brief supporting its first motion to dismiss. Filing No. 30 at 3 n.1. SSC did not request that the Court address these defenses but asserted that the grounds raised

5

in the first motion to dismiss were procedural "threshold issues." *Id.* SSC explained that if the Court denied its first motion to dismiss on procedural grounds, then SSC would later move to dismiss Wells Fargo's complaint on the substantive grounds now raised in the pending Motion to Dismiss. *Id.* SSC infers that, through its footnote, it preserved its right to raise a successive motion to dismiss on substantive grounds and that Wells Fargo waived any objection to a successive motion to dismiss by failing to previously oppose SSC's stated intent. *See* Filing No. 58 at 3. SSC cites no legal authority supporting either of these inferences.

SSC's stated intent to preserve its right to file a successive motion to dismiss does not nullify the express language of Rule 12(g)(2). By SSC's own admission, the so-called substantive defenses raised in the pending Motion to Dismiss were available to SSC at the time it filed its first motion to dismiss. Accordingly, Rule 12(g)(2) precludes SSC from filing a successive motion to dismiss. SSC warns that this conclusion would require it to re-file the pending Motion to Dismiss "as a motion for judgment on the pleadings. This would result in further motion practice and likely leave the parties exactly where they were before Wells Fargo filed its motion to strike." Filing No. 58 at 6. However, this is exactly what Rule 12(h)(2) requires. The Court cannot ignore the express language of the Rule and SSC could have avoided this delay by including its arguments in its prior motion or by answering and raising the arguments in a motion for judgment on the pleadings.

SSC argues that courts from other jurisdictions have permitted successive motions to dismiss[1] and cites the Seventh Circuit's holding that "Rule 12(g)(2) does not prohibit a

---

[1] *SkinMedica, Inc. v. Histogen, Inc.*, 869 F. Supp. 2d 1176, 1183 n.1 (S.D. Cal. 2012) ("[C]ourts faced with successive motions often exercise their discretion to consider the new arguments in the interests of judicial economy.") (internal quotation and citation omitted); *Nat'l City Bank, N.A. v. Prime Lending, Inc.*, No. CV-10-034-EFS, 2010 WL 2854247, at *2 (E.D. Wash. July 19, 2010) ("Judicial economy favors ignoring the

6

new Rule 12(b)(6) argument from being raised in a successive motion," so "[f]ailure-to-state-a-claim defenses are thus excepted from the Rule 12(g)(2) consolidation requirement and not included in the Rule 12(g)(1) waiver rule." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). However, most circuits that have addressed the issue have expressly rejected the Seventh Circuit's holding in *Ennenga*. See *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017), aff'd sub nom. *Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019) ("The Seventh Circuit misunderstands Rule 12, reading Rule 12(h)(1) to provide the only sanction for failure to raise a Rule 12 defense in a prior motion under the Rule."); *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 321 (3d Cir. 2015) ("[W]e find that *Ennenga* 's logic 'fails to address the language from Rule 12(h)(2) that arguably limits a party to presenting [successive failure-to-state-a-claim] arguments in a pleading, a motion for judgment on the pleadings, or at trial.'") (quoting *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.,* 771 F.3d 697, 703 (10th Cir. 2014)).

While the Eighth Circuit has not directly addressed the issue, this Court has rejected successive motions to dismiss, even when based on allegations in an amended complaint. *GPMM, Inc. v. Tharp*, No. 8:19-CV-128, 2020 WL 6587091, at *3 (D. Neb. Feb. 14, 2020) ("[A] successive motion to dismiss is prohibited unless it could not have been made in the earlier motion."); *Infogroup, Inc. v. DatabaseUSA.com LLC*, No. 8:14-CV-49, 2017 WL 10109875, at *2 (D. Neb. Feb. 21, 2017) ("[A] party that has made a Rule 12 motion should not make another Rule 12 motion 'raising a defense or objection that was available to the party but omitted from its earlier motion.'") (quoting Rule 12(g)(2)). The Court follows its previous decisions and the majority of circuits to conclude that Rule

---

motions' technical deficiencies…[t]he Court declines to pass on this opportunity to narrow the issues because Defendants are entitled to raise these defenses even if they already filed a motion to dismiss.").

7

12(g)(2) prohibits SSC's successive motion to dismiss. By its own admission, the defenses now raised were available to SSC in its prior Motion to dismiss. Accordingly, the defenses must be raised in accordance with Rule 12(h)(2).

The Court notes, however, that it will not strike the Motion to Dismiss. Motions to strike are "viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quotations and citation omitted). While SSC's Motion arguably failed to comply with its prior order, striking its Motion does not help control the docket any more than denying the Motion. Accordingly, SSC's successive Motion to Dismiss will be denied, and the Motion to Strike will be denied as moot.

## II.     SSC's Motion Under Rule 12(b)(7): Failure to Join Necessary Parties

SSC argues that even if the Court does not consider its successive 12(b)(6) defenses, the Court should nevertheless address SSC's argument that Wells Fargo failed to join an indispensable non-diverse party. SSC asserts that the Court did not directly address that argument previously and must do so now because that argument directly impacts the existence of subject matter jurisdiction in this case. It is the Court's position that it has already addressed SSC's argument. At the hearing on SSC's previous motion, the Court noted that all it had to decide was "whether or not Assurity Life Insurance Company is an indispensable party; and if it is, then it destroys jurisdiction. And quite frankly, I haven't heard anything from South Sioux City that tells me that they're an indispensable party." Filing No. 50 at 24. In the Court's resulting Memorandum and Order, the Court stated that it "has diversity jurisdiction over the parties in this case and Wells Fargo cannot be required to bring its claim solely in state court." Filing No. 52 at 8.

To the extent the Court's decision is unclear, SSC has not shown that Assurity Life is an indispensable party. Under Federal Rule of Civil Procedure 19, a party is necessary if

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

As the Court noted previously, SSC has not shown that the individual lenders—in particular Assurity Life—is indispensable to this action. Filing No. 50 at 24. The Collateral Trust Indenture Agreement (the "Trust Agreement") between Wells Fargo and the lenders—including Assurity Life—states that if there is a failure to make payments under the Tipping Agreement, Wells Fargo as collateral trustee is "entitled and empowered to institute any suits, actions, proceedings at law, in equity." Trust Agreement 4.02, Filing No. 16 at 15. The Trust Agreement directly prohibits the individual lenders from bringing suit on their own unless Wells Fargo fails to file suit on behalf of the lenders. *See* Trust Agreement 4.06, Filing No. 16 at 10. The Trust Agreement further provides that if Wells Fargo fails to perform its duties as trustee, the individual lenders must appoint a new collateral trustee. *See* Trust Agreement 5.08(e), Filing No. 16 at 10.

In sum, under the Trust Agreement, the collateral trustee is the only party who may bring suit on behalf of the lenders, except under certain circumstances not alleged in this case. Under the Trust Agreement, there appears to be no instance where an individual lender would have a direct relationship to the collateral. Thus, no individual lender could file a suit independent of the other lenders. Based on the evidence before the Court, Wells

9

Fargo stands in the place of each of the individual lenders and can bind them as an authoritative agent. Accordingly, the lenders are not indispensable parties, and the Court has diversity jurisdiction over the parties in this case.

**Conclusion**

For the reasons stated, SSC's successive Motion to Dismiss is improper under Rule 12(g)(2) and SSC has not shown that Wells Fargo failed to join necessary parties such that the Court lacks diversity jurisdiction over this case. Accordingly,

IT IS ORDERED:

1. Defendant South Sioux City's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7), Filing No. 53, is denied;

2. Plaintiffs Wells Fargo Trust Company's Motion to Strike Defendant's Motion to Dismiss, Filing No. 56, is denied as moot; and

3. Defendant must answer or otherwise appropriately plead on or before May 24, 2022.

Dated this 5th day of May, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge